IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | CHAPTER 7 |
| | : | |
| LAURA WALDMAN | : | BANKRUPTCY NO. 12-15822(JKF) |
| | : | |
| Debtor | : | |
| | : | |

**APPLICATION OF CHRISTINE C. SHUBERT, CHAPTER 7 TRUSTEE,
TO TERMINATE LAW OFFICES OF G. RUSSELL DONALDSON, PC
AS SPECIAL COUNSEL AND EMPLOY LAWRENCE LAW, LLC
AS REPLACEMENT SPECIAL COUNSEL**

Christine C. Shubert, Chapter 7 Trustee (the "Trustee") for the estate (the "Estate") of Laura Waldman (the "Debtor"), by and through her counsel, Karalis PC, hereby submits this Application to Terminate Law Offices of G. Russell Donaldson, PC ("Donaldson") as Special Counsel and Employ Lawrence Law, LLC ("Lawrence") as Replacement Special Counsel (the "Application"), and in support thereof, respectfully represents as follows:

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

2. Venue of this proceeding and this Application are proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief sought herein are 11 U.S.C. §§ 327 and 328 and Fed.R.Bankr.P. 2014.

### BACKGROUND

4. On June 15, 2012 (the "Petition Date"), the Debtor filed for protection under Chapter 7 of the Bankruptcy Code (the "Bankruptcy Case").

5. On June 18, 2012, the Trustee was appointed.

6. On August 18, 2012, the Trustee filed a Report of No Distribution.

7. On October 4, 2015, the Trustee was discharged and the Bankruptcy Case was closed.

8. On October 19, 2016, an Order was granted reopening the Bankruptcy Case.

9. On October 21, 2016, the Trustee was reappointed and is so acting.

10. Prior to the Petition Date, the Debtor employed Donaldson to file suit against Francis X. Brewis, III, Lisa Brewis and Brewis Homes, Inc. (collectively, the "Defendants") for breach of contract.

11. On July 16, 2016, the Debtor was awarded a judgment against the Defendants as follows (collectively, the "Judgment):

   a. Actual damages plus pre-judgment interest in the total amount of $132,320.70;

   b. Punitive Damages in addition to the award of actual damages in the amount of $265,000.00; and

   c. Post-judgment interest at the statutory rate of ten (10%) percent per annum until the Judgment shall be paid in full.

12. On October 26, 2016, the Trustee filed an Application to Employ Donaldson as Special Counsel (the "Donaldson Employment Application") to enforce the Judgment (the "Enforcement Matter") as it is property of the Estate.

13. On December 8, 2016, an Order was entered approving the Donaldson Employment Application.

14. Thereafter, G. Russell Donaldson, Esquire ("Mr. Donaldson") informed the Trustee that Donaldson can no longer perform his duties as special counsel due to health and

family matters. Mr. Donaldson was the attorney at Donaldson prosecuting the Enforcement Matter on behalf of the Trustee.

15. The Trustee wishes to terminate the employment of Donaldson as special counsel.

16. The Trustee wishes to employ Lawrence as special counsel to prosecute the Enforcement Matter.

17. The Trustee requires assistance with the prosecution of the Enforcement Matter. The Trustee believes it is most cost-effective, efficient, and in the best interest of the Estate to hire professionals who possess specific skills and extensive experience and knowledge in this field. The Trustee believes that Lawrence has the necessary experience and methods to expeditiously prosecute the Enforcement Matter.

18. Accordingly, the Trustee seeks to employ Lawrence to assist her with the prosecution of the Enforcement Matter so that this asset can be administered in the most cost-effective manner with the maximum benefit for the Estate.

19. Lawrence will be paid on a contingency fee basis of thirty-three and one third (33 1/3%) percent of the gross amount recovered plus expenses. This is the same fee structure that was being charged by Donaldson.

20. The Trustee will file an application with this Court in accordance with In re Busy Beaver Building Centers, Inc., 19 F.3d 833 (3rd Cir. 1994).

21. Lawrence has no connection with the creditors or any other parties in interest, their respective attorneys or accountants pursuant to Fed.R.Bankr.P. 2014 except as put forth in the Verified Statement of Gregory T. Lawrence attached hereto as Exhibit "A" and made a part hereof.

## **RELIEF REQUESTED**

22. By this Application, the Trustee requests that the Court enter an order authorizing her to (i) terminate Donaldson as special counsel and (ii) employ Lawrence as replacement special counsel to prosecute the Litigation pursuant to 11 U.S.C. §§ 327 and 328 and Fed.R.Bankr.P. 2014.

23. Lawrence has not entered into any agreement to share such compensation as it may be awarded herein except as permitted under 11 U.S.C. § 504(b).

24. Section 327(a) of the Bankruptcy Code provides, in relevant part, as follows:

> Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

25. Bankruptcy Rule 2014(a) provides, in relevant part, as follows:

> An order approving the employment of attorneys, accountants, appraisers, auctioneers, agents, or other professionals pursuant to § 327, § 1103, or § 1114 of the Code shall be made only on application of the trustee or committee. The application shall be filed and . . . a copy of the application shall be transmitted by the applicant to the United States trustee. The application shall state the specific facts showing the necessity for the employment, the name of the person to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee. The application shall be accompanied by a verified statement of the person to be employed setting forth the person's connections with the debtor, creditors, or any other party in interest, their respective attorneys and accountants, the United States trustee, or any person

employed in the office of the United States trustee.

26. Lastly, 11 U.S.C. § 328 provides in relevant part: "[t]he trustee, or a committee appointed under section 1102 of this title, with the court's approval, may employ or authorize the employment of a professional person under Section 327 or 1103 of this title, as the case may be, on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, or on a contingent fee basis." See, 11 U.S.C. § 328(a).

27. The Trustee contends that Lawrence's employment is necessary and in the best interest of the Estate.

**WHEREFORE**, the Trustee respectfully requests entry of an Order (i) authorizing the termination of Donaldson as special counsel (ii) authorizing the employment of Lawrence to prosecute the Enforcement Matter and (iii) granting such other and further relief as this Honorable Court deems equitable and just.

                              **Respectfully submitted,**

                              **KARALIS PC**

                              By:   /s/ Robert W. Seitzer
                                     Robert W. Seitzer, Esquire
                                     1900 Spruce Street
                                     Philadelphia, PA 19103
                                     (215) 546-4500
                                     Counsel to the Trustee

Dated: November 6, 2019